# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY A. SHARP,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. CLARK KELSO,<br><br>　　　　　Defendant. | Case No. 1:18-cv-00910-JLT (PC)<br><br>**ORDER WITHDRAWING MINUTE ORDER (Doc. 17); STAYING ACTION; and FOR PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF STANDING**<br><br>**21-DAY DEADLINE** |

　　　　On August 3, 2018, the Court directed defense counsel to contact Plaintiff and file a statement due to his recently filed motion offering to meet to discuss possible resolution. (Docs. 12, 17.) However, that same day, Defendant filed an opposition to Plaintiff's motion (Doc. 14) and a notice of related cases (Doc. 16). Defendant's notice shows that Plaintiff filed a previous action in the Sacramento Division of this Court on the same issues raised here, *Sharp, et al. v. Kelso, et al.*, 2:17-cv-1528 KJN P.

　　　　Plaintiff's prior action was dismissed based on his lack of standing because his allegations failed to show "a credible threat of harm" that is "both real and immediate, not conjectural or hypothetical." *Sharp v. Kelso*, Doc. 14, p. 4, F&R to dismiss (quoting *Krottner v. Starbucks Corp.*, 628 F.3d 1139, 1143 (9th Cir. 2010) (citations and internal quotation marks omitted) (holding that threat of potential identity theft created by theft of a laptop known to contain plaintiffs' unencrypted names, addresses, and social security numbers was sufficient to confer

standing, but that "more conjectural or hypothetical" allegations would make threat "far less credible"); *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1147 (2013) ("[A]n injury must be concrete, particularized, and actual or imminent.") (citation and internal quotation marks omitted)).

The current action suffers from the same defect. Plaintiff's allegations show only that there was a "potential breach of data," his "information [] may have been lost," and that "CCHCS does not know how much or exact information was lost." At most, this implies that Plaintiff still does not know what, if any, of his information was lost. Plaintiff also alleges "just because nothing has happened yet does not mean it won't in the future which everyday scares each plaintiff having to look over their shoulders for the rest of their lives is unwanted fear each plaintiff faces." Nowhere does Plaintiff state that his personal information/data was on the stolen laptop and/or was nefariously accessed. It appears that Plaintiff lacks standing because his allegations establish only speculative injury that is not real or immediate.

Accordingly, the Court **ORDERS**:

1. The minute order that issued on August 3, 2018 (Doc. 17) is **WITHDRAWN**;
2. Plaintiff shall file a response **within 21 days** of service of this order, signed under penalty of perjury, detailing any evidence which he believes demonstrates he has standing to pursue this case; or
3. Plaintiff may file a voluntary dismissal if he no longer desires to proceed in this action; and
4. This action is **STAYED** pending resolution of whether Plaintiff has standing to proceed in this action.

**If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim**.

IT IS SO ORDERED.

Dated: __August 13, 2018__              /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE