# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ANTHONY A. SHARP,

            Plaintiff,

    v.

J. CLARK KELSO,

            Defendant.

Case No. 1:18-cv-00910-JLT (PC)

**ORDER OF REMAND**

      The Court has learned that Plaintiff filed a previous action in the Sacramento Division of this Court on the same issues raised here, *Sharp, et al. v. Kelso, et al.*, 2:17-cv-1528 KJN P ("Plaintiff's Prior Action").  The Court dismissed Plaintiff's Prior Action because his allegations failed to show "a credible threat of harm" that is "both real and immediate, not conjectural or hypothetical."  *Sharp v. Kelso*, Doc. 14, p. 4, F&R to dismiss.  With this in mind, in this action, the Court ordered him to submit a statement and any documentary evidence in his possession which he believes shows standing/injury.  (Doc. 17.)

      Rather than show any injury he has sustained, or any details to show a likelihood of injury from the events alleged, Plaintiff filed a response in which he argues:  (1) that his rights are being violated because he has been unable to obtain the name of the state employee from whom the laptop was stolen (which he contends violates his access to the court and that his "case can be saved" once that identity is uncovered) and (2) that he filed this action in state court, under state

law for negligence/carelessness which does not require a showing of actual injury. (Doc. 20, p. 5.)[1] Plaintiff contends that under state law, he only needs to prove that the person, from whom the laptop was stolen, was negligent or careless. (*Id.*) For the reasons discussed herein, the Court lacks jurisdiction and remands the action to state court.

## **DISCUSSION**

### A. **Plaintiff Lacks Article III Standing**

To have Article III standing,

> a plaintiff must show (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000); *see also Spokeo, Inc. v. Robins*, --- U.S. ---, 136 S.Ct. 1540, 1547 (2016). A plaintiff threatened with future injury has standing to sue "if the threatened injury is 'certainly impending,' or there is a 'substantial risk that the harm will occur.'" *Susan B. Anthony List v. Driehaus*, --- U.S. ---, 134 S.Ct. 2334, 2341 (2014) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 & n.5 (2013) (internal quotation marks omitted).

Merely "an objectively reasonable likelihood" of injury is insufficient. *In re Zappos.com, Inc.*, 888 F.3d 1020, 1025 (9th Cir. 2018) (quoting *Clapper*, at 401). The alleged harm required to "satisfy the well-established requirement that threatened injury must be 'certainly impending.'" *Clapper*, at 401 (quoting *Whitmore v. Arkansas*, 495 U.S. 149 (1990)). "[M]ulti-link chain of inferences" are "'too speculative' to constitute a cognizable injury in fact." *In re Zappos.com, Inc.*, at 1026, (quoting *Clapper*, at 401). However, "[a]n allegation of future injury may suffice if the threatened injury is 'certainly impending,' or there is a 'substantial risk that the harm will occur.'" *Susan B. Anthony List v. Driehaus*, --- U.S. ---, 134 S.Ct. 2334, 2341 (2014) (quoting *Clapper*, 568 U.S. at 414 & n.5) (internal quotation marks omitted).

---

[1] Though Plaintiff also filed a document titled "Notice of Case Law," (Doc. 23), he fails to show any application of the legal principles apparently excerpted from a treatise or book on civil rights and civil liberties litigation and the Court declines to peruse the text merely to ascertain if it contains cases to which Plaintiff could have cited.

Plaintiff's allegations here are akin to the "multi-link chain of inferences" in *Clapper*, which the Court found "too speculative" to constitute a cognizable injury in fact. *Clapper*, at 412-13 (finding insufficient allegations resting on a series of inferences including that: "(1) the Government will decide to target the communications of non–U.S. persons with whom they communicate; (2) in doing so, the Government will choose to invoke its authority under § 1881a rather than utilizing another method of surveillance; (3) the Article III judges who serve on the Foreign Intelligence Surveillance Court will conclude that the Government's proposed surveillance procedures satisfy § 1881a's many safeguards and are consistent with the Fourth Amendment; (4) the Government will succeed in intercepting the communications of respondents' contacts; and (5) respondents will be parties to the particular communications that the Government intercepts.").

In this action, as evidenced by one of the exhibits Plaintiff attached to the Complaint, (1) it is unknown whether any sensitive information was contained in the stolen laptop; (2) to the extent that any sensitive information may have been contained in the stolen laptop, it is unknown whether it included any of Plaintiff's information; (3) if Plaintiff's information was included, the nature of his information is unknown (but may have included confidential medical, mental health, and custodial information); and (4) any of Plaintiff's sensitive information that may have been contained on the stolen laptop would have been limited to information about his custody and care, if any, between 1996 and 2014. (Doc. 1, p. 16.) This is precisely the type of "multi-link chain of inferences" which was found insufficient by the Court in *Clapper*. Thus, Plaintiff lacks standing to proceed in this Court under Article III as he fails to establish actual or "certainly impending" injury.

**B.    Remand to State Court**

In his motion to remand, Plaintiff states that, after Plaintiff's Prior Action was dismissed, he intentionally filed this action in small claims state court raising only claims of "negligence and gross negligence, but not one constitutional claim was made." (Doc. 13, p. 2.) Defendant opposes remand, arguing that: (1) Plaintiff has waived his right to seek remand (Doc. 15, p. 4);

(2) removal to this court is authorized by 28 U.S.C. § 1442(a)(1), (3) and Ninth Circuit precedent (*id.*, pp. 4-6) because a causal connection exists between Plaintiff's claims and the matters entrusted to Defendant in the *Plata* case as the Federal Receiver (*id.*, pp. 7-8); and (3) his notice of removal was both timely and properly served (*id.*, pp. 8-9).

### 1.   Plaintiff Has Not Waived His Rights to Seek Remand

"Federal courts consider a number of factors in determining whether a party has waived its right to seek to seek remand." *Koehnen v. Herald Fire Ins. Co*., 89 F.3d 525, 528 (8th Cir.1996). These include: (1) the nature and gravity of the defect in removal; (2) principles of comity and judicial economy; (3) relative prejudice to the parties, including deference to the plaintiff's choice of forum; and (4) actions taken by the party seeking remand that imply it has affirmatively sought the federal court's intervention. *Midwestern Distribution, Inc. v. Paris Motor Freight*, 563 F.Supp. 489, 493 (D.C.Ark.1983). Only a party that "engages in affirmative activity in federal court typically waives the right to seek a remand [.]" *Koehnen*, 89 F.3d at 528 (citing *Financial Timing Pubs., Inc. v. Compugraphic Corp*., 893 F.2d 936, 940 (8th Cir.1990)).

Defendant contends that Plaintiff's consent to US Magistrate Judge jurisdiction (Doc. 11) and his motion to meet with defense counsel (Doc. 12) waived his right to seek remand. (Doc. 15, p. 4.) However, Plaintiff signed his motion to remand the same date as he signed and gave both of those documents to prison staff for mailing and all three documents were both received by the Court and filed on the docket on the same date. (*See* Docs. 11-13.) It doesn't matter that staff in the Clerk's Office entered Plaintiff's consent to US Magistrate Judge jurisdiction (Doc. 11) and proposed offer to meet with defense counsel (Doc. 12) on the docket before Plaintiff's motion to remand (Doc. 13). Likewise, the Court does not find that Plaintiff's consent to magistrate judge jurisdiction vitiated his motion to remand since Plaintiff signed and returned this form in response to the Court's order requiring his response as part of the administrative process that takes place in every civil action filed in this Court, which certainly does not equate knowing and intelligent waiver of his right to remand. (*See* Docs. 4, 11.)

Further, "a plaintiff may only be deemed to have waived procedural challenges to the

removal process." *Petersen v. Cty. of Stanislaus*, No. 1:12-CV-00933-AWI, 2013 WL 150062, at *1 (E.D. Cal. Jan. 14, 2013) (quoting *Lozada v. Regal Ware, Inc*., 564 F.Supp.2d 715, 717 (W.D.Tex.2008)). "[O]bjections [to removal] that are based on a court's lack of subject-matter jurisdiction may [never] be forfeited or waived by any party." *Id.,* (quoting *Busby v. Capital One, N.A*., 841 F.Supp.2d 49, 54 (D.D.C.2012) (citing *Arbaugh v. Y & H Corp*., 546 U.S. 500, 514 (2006))). Plaintiff has not waived his right to remand as his objections to removal of this action to this court, as noted above, are purely based on subject-matter jurisdiction -- he intentionally filed this action in small claims state court because he solely raised claims of "negligence and gross negligence" and "not one constitutional claim was made." (Doc. 13, p. 2.)

Nor has Plaintiff waived procedural challenges to Defendant's removal of this action. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days of after the filing of the notice of removal . . . ." 28 U.S.C. §1447(c).[2] Plaintiff's motion to remand, entered on the docket on July 23, 2018, was filed well within the 30-day deadline of section 1447(c). Accordingly, Plaintiff has not waived ***any*** of his rights to seek remand.

### 2. <u>Removal Under 28 U.S.C. § 1442(a)(1), (3) Was Not Proper</u>

The statute under which Defendant removed this action provides:

(a)     A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

    (1)     The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

    . . .

    (3)     Any officer of the courts of the United States, for any act under color of office or in the performance of his duties[.]

---

[2] Defendant removed the case to this court under 28 U.S.C. §§ 1442(a)(1), (3), (*see* Doc. 1), which provides federal subject matter jurisdiction over claims against federal officers or agencies and for their removal. However, that section does not provide any parameters for challenges/remand of removal thereunder. Section 1147 provides the general procedure after removal -- (c) provides the procedures to attack removal via motion to remand.

28 U.S.C. § 1442(a)(1), (3).  It is true that federal courts "do not interpret . . . jurisdiction under section 1442 . . . strictly."  *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir., 2006), and that section 1442 is construed "broadly in favor of removal."  *Id.* (emphasis added). Likewise, "[t]he Supreme Court 'has held that the right of removal is absolute for conduct performed under color of federal office, and has insisted that the policy favoring removal "should not be frustrated by a narrow, grudging interpretation"'" of section 1442.  *Id.* (quoting *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981)).  The question here is whether the actions Plaintiff complains of challenge Defendant's conduct performed as Receiver -- i.e. "under color of [his] federal office."  *Id.*

Defendant contends that removal of this action to federal court was proper because Plaintiff's allegations pertain to Defendant's duties and obligations of being Receiver in the *Plata* case as ordered by the appointing federal court.  (Doc. 15, pp. 5-6.)  Defendant argues that, "[t]here is undoubtedly a 'federal interest' in this matter since, not only was the Receiver appointed by a federal court, a direct 'causal connection' exists between the Receiver's authority exercised on behalf of the federal court and Plaintiff's claims."  (*Id.* citing *Medical Devel. Internat'l v. California Dept. of Corr. & Rehab.*, 585 F.3d 1211 (9th Cir., 2009) ("*MDI*") and *Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1312 (9th Cir., 1981).  Defendant shows that the purpose of his Receivership "is to bring the prison medical care system up to federal constitutional standards, . . . provide leadership and executive management of the California prison medical health care delivery system with the goals of restructuring day-to-day operations and developing, implementing, and validating a new, sustainable system that provides constitutionally adequate medical care to [inmates] as soon as practicable."  (Doc. 15, pp. 5-6 (citing RJN, ¶ 2, Exh. 1, ¶ I.A.).[3]  Defendant contends it is his duty "to control, oversee, supervise, and direct all administrative, personnel, financial, accounting, contractual, legal, and other operational functions of the medical delivery component of the CDCR" (*id.*), via the "power to acquire, dispose of, modernize, repair, and lease property . . . to carry out his duties" under the

---

[3] Defendant's request for judicial notice of the Order Appointing Receiver in the *Plata* case, (Doc. 15-1), is GRANTED.  Judicial notice may be taken of undisputed matters of public record, including documents on file in federal or state courts.  Fed. Rules Evid. 201; *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (2012).

OAR.  (*Id.* (citing RJN, ¶ 2, Exh. 1, ¶ II.C.).

While the excerpts from the OAR cited by Defendant are accurate, verbatim quotes, he fails to show how his task of taking "control of the delivery of medical services to California state prisoners confined by the CDCR," (RJN, Exh. 1, p. 5), encompasses any of the issues pertaining to a single prison employee's mishandling of an unencrypted, but password protected, laptop which allowed it to be stolen from that employee's personal vehicle.  It is true that one of Defendant's powers is "to acquire, dispose of, modernize, repair and lease property, equipment, and other tangible goods as necessary to carry out his duties . . ., including but not limited to information technology and tele-medicine technology."  (RJN, Exh. 1, p. 8.)  But this does not necessarily encompass prison staff's removal of state property from a facility and careless handling which allowed it to be stolen and Defendant provides no basis upon which any such finding can be made.  Additionally, Defendant does not make any showing of involvement in the incident, its investigation, reparative measures, or in subsequently promulgating and implementing procedures to ensure against a similar recurrence.  Thus, the Court is unable to find a "causal connection" between Defendant's task of improving and providing better access to adequate medical care to hundreds of thousands of CDCR inmates and the handling of prison property, such as a laptop, by an individual prison employee.  *See MDI*, 585 F.3d at 1216.

Defendant contends that, though Plaintiff does not make any allegations specifically concerning Defendant in the Complaint, "it appears that any wrongdoing arose out of [Defendant's] official duty to oversee the management of inmate medical record," but provides neither evidence nor rationale upon which this finding might be made.  (Doc. 15, p. 7.)  Instead, it is clear that Defendant's appointment as Receiver was established "to take control of the delivery of medical services" to CDCR inmates, a task which does not necessarily encompass the acts of a prison employee carrying a state laptop in his personal vehicle.

Additionally, Plaintiff does not challenge the protocols and procedures or administrative/management decisions that allowed the prison employee to remove the laptop from the prison facility in this action.  Rather, he complains of the actual conduct by an unidentified

prison staff member who removed the laptop from the facility and left it in his or her vehicle where it was stolen. Plaintiff makes no allegations that Defendant is the person who engaged in these acts and from whose vehicle the laptop was stolen. Hence, the actions Plaintiff complains of do not challenge Defendant's conduct performed "under color of [his] federal office." *Durham*, 445 F.3d at 1252. However, even if Plaintiff's complaint clearly raised issues directly related to acts by Defendant under color of his federal office, any jurisdiction under section 1442 does not trump Plaintiff's failure to establish an Article III injury-in-fact. *Summers v. Earth Island Inst.*, 555 U.S. 488, 497 (2009) ("[T]he requirement of injury in fact is a hard floor of Article III jurisdiction that cannot be removed by statute.")

If the court loses subject-matter jurisdiction after removal, 28 U.S.C. § 1447(c) requires remand of an action to state court. The Court finds that jurisdiction is lacking under both Article III and section 1442.[4] Remand is proper.

## **CONCLUSION and ORDER**

Though provided opportunity, Plaintiff fails to present any information to show he sustained actual or "certainly impending" injury, *Clapper*, at 401, via the theft of the laptop from the state employee's personal vehicle. This Court lacks jurisdiction because Plaintiff does not have standing under Article III to proceed in this action as his allegations are "'too speculative' to constitute a cognizable injury in fact." *In re Zappos.com, Inc.*, at 1026, (quoting *Clapper*, at 401). Likewise, jurisdiction does not exist under 28 U.S.C. 1442 because the actions Plaintiff complains of do not challenge Defendant's conduct performed under color of his federal office. *Durham*, 445 F.3d at 1252. Because Defendant removed the action from state court, remand is proper. Accordingly, the Court **ORDERS**:

(1)     Plaintiff's motion to remand, filed on July 23, 2018 (Doc. 13), is GRANTED;

(2)     All other pending motions are disregarded as moot; and

---

[4] It also thus appears that Plaintiff has named the wrong individual as defendant. The warden of the facility, or someone in the Health Care Services who either authored or was copied with the documents informing Plaintiff of the incident would be better named as a defendant until the identity of the prison employee from whom the laptop was stolen is revealed. Thus, the Complaint may be saved by Plaintiff merely naming a different defendant. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (district courts are required to grant leave to amend if a complaint can possibly be saved).

8

1    (3)    This action is remanded to the Small Claims Division of the Fresno County
2           Superior Court.
3
4    IT IS SO ORDERED.
5        Dated:    __September 20, 2018__              _____/s/ Jennifer L. Thurston_____
                                                       UNITED STATES MAGISTRATE JUDGE
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28